IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NIKITA NAKAMOTO, Individually and as Next Friend of A.N. and N.B., minors,<br><br>       Plaintiffs,<br><br>    v.<br><br>COUNTY OF HAWAIʻI, *et al.*,<br><br>       Defendants. | CIVIL NO. 18-00097 DKW-KJM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF HAWAII'S MOTION TO DISMISS** |

## **INTRODUCTION**

The County of Hawaiʻi seeks dismissal of Nakamoto's state law claims in this excessive force case, in light of her admitted failure to submit pre-suit notice of those claims in writing to the County Clerk, as required by Hawaii Revised Statutes ("HRS") § 46-76 and Hawaiʻi County Charter ("HCC") § 13-18. Because Nakamoto does not dispute that her negligence claims are barred, and the Court determines that her individual state tort claims based upon intentional conduct are likewise barred, by the lack of written notice to the County, the Court GRANTS in part the County's Motion to Dismiss. The County has failed, at least at this time, to meet its burden of proof on its statute of limitations defense as to claims brought as next friend of minors, A.N. and N.B., in light Hawaii's statutory infancy tolling provision, and the Motion is therefore DENIED in part as to those claims.

## BACKGROUND

The Complaint alleges that Nakamoto was a passenger in a car driven by her husband, Ronald K.V. Barawis, Jr., when, at approximately 12:01 a.m. on February 5, 2016, while at a drive-thru lane at a McDonald's restaurant in Hilo, Hawaii, the car was surrounded by numerous, unnamed County police officers. Compl. ¶ 8, Dkt. No. 1-2. Nakamoto asserts that officers armed with assault-type rifles, without warning or provocation, opened fire on Nakamoto and Barawis. Compl. ¶¶ 8–9. At the time of the shooting, Nakamoto claims that she "had her hands raised, as instructed by the policer officers," and that she was unarmed and made "no threats or threatening gestures." Compl. ¶ 10. She was "struck multiple times by bullets and/or bullet fragments, and sustained significant and permanent physical and emotional injuries." Compl. ¶ 9.

Nakamoto asserts the following claims against the County and unidentified "John Doe" Hawaii Police Department officers:

> 11. The acts of Defendants, as described above, constitute the negligent and/or intentional infliction of emotional distress.
>
> 12. The actions of Defendants, as described above, constitute the malicious use and or abuse of discretion.
>
> 13. The actions of Defendant John Doe Police Officers, as described above constitute the excessive use of force.

> 14. The actions of Defendant John Doe Police Officers, as described above constitute a form of assault as defined by Chapter 707, Hawaii Revised Statutes.

Compl. ¶¶ 11–14.

Nakamoto contends that the County and the Hawaii Police Department "are liable for the conduct of Defendant John Doe Police Officers under the doctrine of *respondeat superior*, Compl. ¶ 16, and that the officers "were acting in their official capacity as . . . police officer[s] of the [County] and/or were acting under color of their authority as a police officer." Compl. ¶ 15. The Complaint also asserts that the County is liable for its own negligent supervision and hiring, that it was "otherwise negligent," and failed to effectively train its officers with regard to the excessive use of force. Compl. ¶ 17.

Nakamoto seeks damages for her own injuries as well as loss of consortium damages for her two minor children. Because Barawis is the father of N.B., Nakamoto seeks damages for the loss of affection and care N.B. would have received from Barawis, but for the incident. Compl. ¶¶ 23–24. She brings claims, as next friend, on behalf of the minors, alleging that they "suffered severe mental and emotional distress," due to the death of Barawis, and "over the injuries to their mother." Compl. ¶ 22–24.

The Complaint was filed in the state Circuit Court of the Third Circuit on January 12, 2018, and served on the County on February 27, 2018. *See* Decl. of

3

Counsel ¶ 4, Notice of Removal, Dkt. No. 1-1.  On March 15, 2018, the County removed the case to this district court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  Notice of Removal, Dkt. No. 1.

The County moves to dismiss all state law claims with prejudice due to Nakamoto's failure to comply with the notice-of-claim requirements in HRS § 46-72 and the County Charter § 13-18, including (1) negligent infliction of emotional distress; (2) intentional infliction of emotional distress; (3) malicious use and/or abuse of discretion; (4) assault; and (5) any other claim sounding in negligence.  The County does not move with respect to any claims brought under 42 U.S.C. § 1983 or against the officers in their individual capacities.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

A court may consider certain documents attached to a complaint, as well as documents incorporated by reference in the complaint, or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003). The Court takes judicial notice of the pleadings and other public records attached to the parties' briefs. *See* Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss.") (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128–29 (9th Cir. 1999)). That said, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (citation and quotation marks omitted). In making such a

5

determination, the Court is not "required to accept as true allegations that contradict . . . matters properly subject to judicial notice[.]" *Seven Arts*, 733 F.3d at 1254 (internal quotation marks omitted). In this case, the statute of limitations issues are apparent on the face of the Complaint as to Nakamoto's individual state law claims, as detailed below.

## **DISCUSSION**

Under HRS § 46-72, an injured person must provide "notice in writing of the injuries and the specific damages resulting" to the individual identified in the county's charter "within two years after the injuries accrued," in order to hold the County liable for tort claims. HRS § 46-72. The County's charter provides that written notice must be provided to the county clerk. HCC § 13-18. Even if Nakamoto's Complaint was sufficient written notice under Section 46-72, she did not serve a copy of the Complaint on the County until February 27, 2018—after the statute of limitations expired. Because Nakamoto failed to comply with the requirements of Section 46-72, her individual state law tort claims are dismissed as untimely. The Motion is denied in part, however, as to the claims brought as next friend of minors, A.N. and N.B., because HRS § 657-13(1), by operation of law, tolls the statute of limitations during their infancy.

# I. Tort Claims Against the County For Damages Based Upon Injuries to a Person Are Governed By the Applicable Two-Year Limitations Period

The full text of HRS § 46-72, titled "Liability for injuries or damages; notice" states:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

Section 13-18 of the County Charter in turn provides:

> No action shall be maintained for the recovery of damages for any injury to persons or property by reason of negligence or other act of any official or employee of the county unless a written statement stating fully when, where and how the injuries occurred, the apparent extent thereof and the tentative amount claimed therefor shall have been filed with the county clerk within two years after the date the injury was sustained.

Nakamoto acknowledges that her negligence-based claims are subject to the notice provisions in HRS § 46-72 and HCC § 13-18, but advances the argument that her claims based upon "intentional acts on the part of the Doe Police Officers . . . are not subject to HRS § 46-72." Mem. in Opp'n at 7, Dkt. No. 6. Nakamoto requests

that the Court find that "the claims of assault and the intentional infliction of severe emotional distress are not barred." Mem. in Opp'n at 10. Because the state notice provisions apply to claims based upon negligence as well as those based upon intentional conduct, the Court rejects Nakamoto's argument, and finds instead that all of her state law claims, as pled, are subject to the two-year written notice requirement.[1]

    First, by their plain language, these written notice requirements are not confined to claims for negligence. The statute applies to claims for "damages to any person for injuries to person or property . . . **or** on account of any negligence of any official or employee of the county." HRS § 46-72 (emphasis added). Likewise, the County Charter notice provision applies to claims for the "recovery of damages for any injury to persons or property by reason of negligence **or** other act of any official or employee of the county." HCC § 13-18 (emphasis added).

---

[1] Under Hawaii law, HRS § 46-72 operates as a statute of limitations. *See Silva v. City & Cty. of Honolulu*, 115 Hawaiʻi 1, 10–11, 165 P.3d 247, 256–57 (2007) ("[W]hile the notice requirement set forth in HRS § 46-72 may appear to be a mere 'condition precedent to liability,' it 'operates, in reality, as a statute of limitations.'") (quoting *Salavea*, 55 Haw. at 218, 517 P.2d at 53); *see also Kahale v. City & Cty. of Honolulu*, 104 Hawaiʻi at 343, 345, 347 & n.7, 90 P.3d at 235, 237, 239 & n.7 (2004) (observing that the legislature affirmed its character as a statute of limitations by enacting Act 152, 24th Leg., Reg. Sess. (2007), the preamble of which describes HRS § 46-72 as "the statute of limitations for claims for damage and injury against the counties.").

Second, case law interpreting this specific notice-of-claim requirement has not limited application of Section 46-72 to claims for negligence.[2] For example, in *Kaulia v. County of Maui*, the district court determined that plaintiff's employment discrimination claims brought under HRS Chapters 368 and 378 against a county were "barred because Plaintiff failed to timely file written notice of his claim as is required by HRS § 46-72." 504 F. Supp. 2d 969, 997 (D. Haw. 2007). The district court reasoned that Kaulia's "claims for discrimination under HRS §§ 368 & 378 are state law tort claims . . . [and] Plaintiff had two years . . . in which to file notice of his claim of injuries and damages with the County." *Id.* at 997 (citations and footnotes omitted); *see also id.* at 997–98 n.40 ("failure to timely file written notice with the county will bar subsequent state tort claims against the county"). Other decisions have reached similar conclusions with respect to intentional tort claims against counties brought under state law. *See, e.g.*, *Harris v. Cty. of Hawaii*, 2017 WL 5163231, at *2 (D. Haw. Nov. 7, 2017) (describing Section 46-72 as applicable to

---

[2]The Hawaii Supreme Court has characterized the statute as applicable to "tort claims against the counties," without limiting it to those sounding in negligence. *See Kahale v. City & Cty. of Honolulu*, 104 Hawai'i 341, 347–48, 90 P.3d 233, 239–40 (2004) ("HRS § 46-72, which the legislature is free to amend, is the statute of limitations applicable to actions against the counties. However, in order to avoid unfair prejudice to plaintiffs who have detrimentally relied upon [prior case law] with respect to the statute of limitations *governing tort claims against the counties*, we emphasize that our holding is prospective only and applies to all claims for relief accruing after the date of this opinion.") (emphasis added) (footnote omitted); *see also id.* at 348 n.8, 90 P.3d at 240 n.8 (positing that "the legislature is perfectly free to amend the statute to provide, say, for a two-year limitations period or to repeal it altogether, in which case *tort claims against the counties* would be governed by HRS § 657-7") (emphasis added).

9

"tort claims" against a county, and dismissing as untimely state law claims for assault and battery, false arrest, false imprisonment, and intentional infliction of emotional distress, in addition to those for negligent infliction of emotional distress, negligent training and supervision, negligence, gross negligence, and loss of consortium).

Here, there is no dispute that Nakamoto did not provide written notice to the County Clerk, as required by Section 46-72 and HCC § 13-18. *Cf. Harris*, 2017 WL 5163231, at *2 ("Under the plain language of Section 46-72, written notice must be provided to the County within two years of injury"). Even if Nakamoto's Complaint was sufficient written notice under Section 46-72, she did not serve a copy of the Complaint on the County until February 27, 2018, more than two years after the incident occurred on February 5, 2016. Because Nakamoto failed to comply with the requirements of Section 46-72, and she offers no evidence or argument that her time-barred claims are tolled for any reason, the Court dismisses with prejudice all of Nakamoto's state tort claims brought in her individual capacity.

## II. The Motion Is Denied in Part With Respect to the Minors' Claims

To the extent Nakamoto brings claims for emotional distress and loss of consortium as next friend of minors A.N. and N.B., the County has not established

that the statute of limitations similarly applies to those claims.[3] The Complaint alleges that at the time of the incident, on February 5, 2016, "A.N. was approximately 2-1/2 years old, and N.B. was 6-months old." Compl. ¶ 3. The Complaint further alleges that the minors "suffered severe mental and emotional distress," and "lost the love, support and companionship they would have received," due to the death of Barawis, Compl. ¶¶ 23–24, and also "suffered severe mental and emotional distress over the injuries to their mother." Compl. ¶ 22.

Contrary to the County's argument, the minors' claims brought by Nakamoto as "next friend" are subject to the infancy tolling provision. Nothing cited by the County suggests otherwise. The County erroneously relies on *Kahale v. City & County of Honolulu*, 104 Hawai'i 341, 343, 90 P.3d 233, 235 (2004), for the proposition that "HRS § 357-13(1) nowhere provides for the tolling of derivative actions." Mem. in Supp. at 9, Dkt. No. 3-1. Claims brought as "next friend" on behalf of a minor, however, were not the "derivative actions" at issue in *Kahale*. Rather, the Hawaii Supreme Court in *Kahale* addressed the *parents*' untimely

---

[3]Although the County argues that the minors' claims are not tolled by operation of the statutory infancy tolling provision, HRS § 657-13(1), *see* Mem. in Supp. at 9, Dkt. No. 3-1, the statute of limitations is an affirmative defense and the County bears the burden of establishing that the limitations period has expired. *Vegas v. United Steelworkers, Local 12-591*, 73 F. Supp. 3d 1260, 1270 (D. Haw. 2014). Although the County has met this burden as to Nakamoto's individual claims, it has not with respect to the minors. *See Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995)("[s]imply by establishing her birth date[, plaintiff] has met her burden with regard to infancy tolling," for purposes of opposing a motion for summary judgment).

11

infliction of emotional distress and loss of consortium claims for injuries suffered by their minor child who was bitten by a dog at a City park. In *Kahale*, the parents, Francis and Rachel, individually, and as "next friend" of their daughter Brandzie, alleged that the City's negligence caused injuries to Brandzie (Count I), and inflicted emotional distress and loss of consortium on Francis and Rachael (Count II), and sought punitive damages (Count III). 104 Hawai‘i at 344, 90 P.3d at 236. The Supreme Court held:

> pursuant to HRS § 657-13(1), that the counties of this state are subject to the infancy tolling provision generally applied in personal injury actions and that HRS § 657-13(1) tolled the running of the statute of limitations as to Brandzie's claims. Lastly, we hold that, inasmuch as Francis and Rachael, as individuals, suffered no disability for purposes of HRS § 657-13, Francis's and Rachael's claims, in their individual capacities, were not similarly tolled.

104 Hawai‘i at 343, 90 P.3d at 235. Thus, in *Kahale*, the *parents*' claims were the "derivative actions" that were not protected by the infancy tolling provision. These circumstances are not present here.[4]

---

[4]The Supreme Court explained in *Kahale* that the statutory infancy tolling provision does not apply to a parent's time-barred claim because the tolling provision is personal to the infant, observing that:

> other jurisdictions have refused to extend the scope of infancy tolling provisions to derivative claims [of parents]. *See Emerson v. Southern Ry. Co.*, 404 So.2d 576, 580 (Ala. 1981) (noting that "the derivative claim for loss of consortium of a spouse or parent is not subject to the tolling statute of the infant"); *Smith v. Long Beach City Sch. Dist.*, 276 A.D.2d 785, 715 N.Y.S.2d 707, 708 (2000) (observing that "the infancy toll is personal to the infant and does not extend to the parents' derivative

Because the County is subject to the infancy tolling provisions in HRS § 657-13(1), *see Kahale*, 104 Hawaiʻi at 349, 90 P.3d at 241, and the minors are alleged to have been under the age of eighteen at the time the cause of action accrued, on the face of the Complaint, it appears that claims for A.N. and N.B.'s own injuries are tolled as to the County.[5] Because A.N. and N.B. were "'[w]ithin the age of eighteen years' at the time that the present matter arose, the infancy tolling provision of HRS § 657-13(1) allowed [them] the 'liberty to bring such actions . . . at any time while the disability exists.'" *Kahale*, 104 Hawaiʻi at 349, 90 P.3d at 241 (quoting HRS § 657-13(1)). Nakamoto, as A.N. and N.B.'s "next friend, having

---

claims"). Thus, because [the plaintiff parents] did not timely comply with HRS § 46-72 with respect to their individual claims, those claims against the City are time-barred.

*Kahale*, 104 Hawaiʻi at 349, 90 P.3d at 241. Other jurisdictions similarly apply state infancy tolling statutes to all claims brought as "next friend." *See, e.g.*, *T.S. v. Doe*, 2010 WL 3941868, at *4 (E.D. Ky. Oct. 6, 2010) ("Although the action was brought by the Plaintiffs' mother as next friend, the minors are the plaintiffs and the real parties in interest. It is the further opinion of this Court that the Supreme Court of Kentucky would not remove a minor's statute of limitation protection simply because a suit was filed by a next friend.") (citations omitted); *Clyce v. Butler*, 876 F.3d 145, 148–49 (5th Cir. 2017) ("Similarly, though case law demonstrates that a next friend can bring suit on behalf of a minor and make litigation decisions that bind him, it does not establish that such a suit waives the protection of the tolling provision. Indeed, there is no support for the premise that Texas's tolling provision can ever be waived by a minor, either directly or indirectly through a next friend. . . . Tolling the statute of limitations while someone is under a legal disability additionally ensures that he is not time-barred from bringing claims while he is unable to participate in, control, or even understand the progression and disposition of [his] lawsuit. Though [the minor] arguably had 'access to the courts' through his parents' next-friend lawsuit, this does not alone satisfy the purpose of the tolling provision that prevented his claims from being time-barred until after his legal disability was removed.") (citations omitted).
[5]The Court notes that although the statutory tolling provision is expressly inapplicable to actions against the "chief of police, or other officers," the County's Motion seeks dismissal only as to claims against the County, and not any individual, unnamed police officer. *See* HRS § 657-13.

13

filed claims for relief on [A.N. and N.B.]'s behalf while [they were] minor[s], ensured that HRS § 46-72 would not act as a bar to those claims against the [County]." *Kahale*, 104 Hawai'i at 349, 90 P.3d at 241.

In sum, because the County has not made a sufficient showing for purposes of the present Motion that the statute of limitations defense applies to bar the minors' claims as a matter of law, the Court denies the Motion without prejudice on this issue.

## **CONCLUSION**

For the foregoing reasons, Nakamoto's own untimely state law claims are barred, and Defendant County of Hawaii's Motion to Dismiss, Dkt. No. 3, is GRANTED in part. The Motion is DENIED to the extent it seeks dismissal of claims brought as next friend of minors, A.N. and N.B., based upon their own injuries.

IT IS SO ORDERED.

DATED: June 7, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Nakamoto v. County of Haw.*, CV. NO. 18-00097 DKW-KJM; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF HAWAII'S MOTION TO DISMISS**